59 F.3d 181
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Frederick C. FERMIN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3142.
 United States Court of Appeals, Federal Circuit.
 March 15, 1995.
 
 Before PLAGER, RADER, and SCHALL, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 The Merit Systems Protection Board (MSPB) upheld the Office of Personnel Management's (OPM's) refusal to award Frederick C. Fermin full retirement credit for his civil service employment. Fermin v. OPM, No. DA-0831-94-0341-I-1 (M.S.P.B. Nov. 17, 1992). Mr. Fermin sought and received a partial refund of his retirement contributions. Because Mr. Fermin cannot now redeposit the refunded amount, this court affirms.
 
 DISCUSSION
 
 2
 Mr. Fermin took disability retirement in 1957. In 1956, Mr. Fermin sought and received a refund of retirement contributions withheld from his pay from 1951 to 1955. This refund did not affect Mr. Fermin's retirement annuity, however. As a disability retiree, Mr. Fermin was guaranteed a minimum annuity. This guaranteed minimum exceeded the annuity Mr. Fermin would otherwise have qualified for, whether or not he received credit for his employment during 1951-1955.
 
 
 3
 In 1971, Mr. Fermin elected a survivor annuity for his wife. Unlike Mr. Fermin's guaranteed minimum disability retirement annuity, Mrs. Fermin's survivor annuity depends on the duration of his creditable service. See 5 U.S.C. Sec. 2259(a) (Supp. IV 1957) (repealed 1966).
 
 
 4
 In 1993, Mr. Fermin petitioned OPM to award him credit for 1951-1955, notwithstanding the refund he received in 1956 of his 1951-1955 retirement contributions. Mr. Fermin was mentally incompetent in 1954-1958. Mr. Fermin contends that because he was incompetent when he received the refund in 1956, his wife should not be penalized by a corresponding reduction of her survivor annuity.
 
 
 5
 OPM denied Mr. Fermin's petition. OPM noted that when Mr. Fermin retired in 1957, his guardian did not elect survivor benefits. In 1957, Mr. Fermin had no reason to redeposit the refunded amounts because redeposit would not have increased his disability retirement annuity. OPM also noted that it had informed Mr. Fermin in 1971 of his spouse's potential survivor annuity, which excluded credit for 1951-1955, and Mr. Fermin did not protest until 1993. Finally, OPM explained that Mr. Fermin, as a former employee, was no longer eligible to redeposit the refunded amount and thereby obtain credit. The MSPB affirmed, holding that OPM had no authority to disregard the refund. Mr. Fermin appeals.
 
 II.
 
 6
 Mr. Fermin retired in 1957, so the 1957 retirement statute governs. See McEachern v. OPM, 776 F.2d 1539, 1544 (Fed. Cir. 1985). The 1957 retirement statute appears at 5 U.S.C. Secs. 2251-67 (Supp. IV 1957) (current version at 5 U.S.C. Secs. 8331-51 (1988 & Supp. V 1993)).
 
 A.
 
 7
 Notwithstanding Mr. Fermin's disability, OPM cannot disregard that Mr. Fermin in fact received a refund of his retirement contributions. Section 2254(d) of the 1957 statute, titled "Refunds or retirement deductions," unambiguously provides that "no credit shall be allowed for the service covered by the refund until the deposit is made." 5 U.S.C. Sec. 2254(d) (Supp. IV 1957) (current version at 5 U.S.C. Sec. 8334(d)(1) (Supp. V 1993)). Section 2254(d) thus prohibits OPM from allowing Mr. Fermin credit for 1951-1955.
 
 B.
 
 8
 Nor can Mr. Fermin secure credit by redepositing the refunded amount. Only "employees" may make redeposits:
 
 
 9
 Each employee ... who has received a refund of retirement deductions under this or any other retirement system established for employees of the Government covering service for which he may be allowed credit under this chapter may deposit the amount received, with interest.
 
 
 10
 5 U.S.C. Sec. 2254(d) (emphasis added). Mr. Fermin is no longer an employee.
 
 
 11
 The retirement statute distinguishes between "employees" and former employees. An "employee" is "a civilian officer or employee in or under the Government." 5 U.S.C. Sec. 2251(a) (Supp. IV 1957) (current version at 5 U.S.C. Sec. 8331(1) (1988 & Supp. V 1993)). An "annuitant," on the other hand, is "any former employee ... who, on the basis of his service, has met all requirements of [this] chapter for title to annuity and has filed claim therefor." 5 U.S.C. Sec. 2251(n) (Supp. IV 1957) (current version at 5 U.S.C. Sec. 8331(9) (1988 & Supp. V 1993)) (emphasis added). Thus Mr. Fermin is now an "annuitant" and not an "employee." Mr. Fermin cannot use the redeposit procedure authorized by section 2254(d).
 
 C.
 
 12
 OPM cannot except Mr. Fermin from section 2254(d) because of his disability. Such an exception would increase the Government's financial obligation to Mrs. Fermin under her survivor annuity. But OPM cannot increase the Government's financial obligations without statutory authorization. See OPM v. Richmond, 496 U.S. 414, 424 (1990). The 1957 retirement statute does not provide such authorization. Therefore, OPM lacks authority to increase Mrs. Fermin's survivor annuity.
 
 D.
 
 13
 Finally, Mr. Fermin confuses OPM's treatment of Mrs. Fermin's survivor annuity with the procedure now available under 5 C.F.R. Sec. 831.303(a) (1994). OPM, as required by section 2254(d) of the 1957 retirement statute, computed Mrs. Fermin's survivor annuity without crediting Mr. Fermin for his employment in 1951-1955. OPM did not use the alternative procedure, now authorized by section 831.303(a), of reducing Mrs. Fermin's survivor annuity by 10% of the refunded amount plus interest. Indeed, OPM could not have chosen to make a 10% reduction because section 831.303(a) did not exist in 1957. Mr. Fermin's concern that Mrs. Fermin not be "penalized 10 percent pursuant" to section 831.303(a) is misplaced.
 
 CONCLUSION
 
 14
 Because Mr. Fermin sought and received a refund of his retirement contributions for 1951-1955, OPM cannot credit Mr. Fermin for that period in computing Mrs. Fermin's survivor annuity. This court affirms.